IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 17-650-3 |
| KEVIN DAVIS : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                   **June 21, 2023**

On April 27, 2023, Defendant Kevin Davis filed a pro se letter request to reduce his term of supervised release as he has turned his life around and is giving back to the community. Because Davis is bound by the plea agreement he entered with the Government, his motion shall be denied.

**BACKGROUND**

Davis's criminal charges resulted from an investigation by a Joint Task Force formed by the Federal Bureau of Investigation and the Philadelphia Police Department. Gov't Sent. Mem. 1, ECF No. 61. On October 30, 2017, the officers saw one of Davis's co-defendants exit a residence, carry a white square bag with handles to his vehicle, and drive away. *Id.* 1-2. The officers followed him to the 7200 block of Charles Street in Philadelphia, where he parked behind a Chevrolet Suburban. *Id.* 2. The officers observed Davis exit the driver's side of the Suburban, meet with the co-defendant, hand him an object, and take the white bag. *Id.* Davis then placed the bag into the back seat of the Suburban and drove off, heading north on Charles Street and passing within 1,000 feet of a private elementary school. *Id.* The officers arranged for a traffic stop of Davis's vehicle in the 3500 block of Cottman Avenue, where Davis was pulled over and the bag recovered. *Id.* The bag contained 870 packets of heroin in 63 bundles wrapped in green cellophane in two brown

boxes. *Id.* In a grand jury indictment issued on December 20, 2017, Davis was charged with one count of possession with intent to distribute a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and one count of possession with intent to distribute a mixture and substance containing a detectable amount of heroin within 1,000 feet of a school, a violation of 21 U.S.C. § 860. Indictment 5-6, ECF No. 1. On September 19, 2018, Davis pled guilty to both counts pursuant to a plea agreement. Guilty Plea Agreement, ECF No. 53. On January 10, 2019, he was sentenced to a term of imprisonment of twenty-one months with credit for time served, six years of supervised release, and a special assessment of $100. J. 2, ECF No. 66.

After serving his term of imprisonment, Davis was released on July 9, 2019, and commenced supervised release. Davis now asks this Court to reduce this sentence because he has been volunteering at his local Masjid and mentoring at-risk youth. Letter, Mar. 22, 2023, at 1, ECF No. 119. Davis also provides transportation and care for his completely paralyzed 87-year-old mother. He states he has a new outlook and appreciation for the need to change his life for the better, which he attributes to nearly losing his eyesight to glaucoma. *Id.* Davis also alleges he did not receive proper medical care for the glaucoma while incarcerated. *Id.* The Government opposes Davis's request. Gov't 's Opp. Def.'s Mot., ECF No. 121.

**DISCUSSION**

As noted, on September 19, 2018, Davis entered into a plea agreement with the Government and pled guilty to the two charges against him. In return, the Government stipulated that Davis accepted responsibility for his offenses and assisted authorities in the investigation or prosecution of his misconduct by timely notifying the Government of his intent to plead guilty, entitling him to a 2-level and a 1-level downward adjustment under the United States Sentencing

Guidelines §§3E1.1(a) and (b). Guilty Plea Agreement 4-5, ¶ 9(c), (d), ECF No. 53. Davis attested that he understood, agreed, and had explained to him that his sentence would include a mandatory minimum of six years of supervised release. *Id.* at 3, ¶ 3. In his plea agreement, Davis also "voluntarily and expressly" waived all of his rights "to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law." *Id.* at 5, ¶ 11.

The Third Circuit has held that where a defendant's plea agreement precludes challenges to his sentence and the sentence imposed includes a term of supervised release, any shortening of the period of supervision is a change in sentence barred by the appellate waiver. *United States v. Damon*, 933 F.3d 269 (3d Cir. 2019). An appellate waiver in a plea agreement precludes challenges if: (1) the issues "fall within the scope of the waiver" and (2) the defendant "knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *Id.* 933 F.3d at 272 (internal quotation marks and citation omitted). "[T]he term 'sentence' unambiguously includes the imposition of a term of supervised release." *Id.* at 273.

Accordingly, in the absence of a showing that he did not knowingly or voluntarily enter the plea agreement, that the period of supervised release falls outside the agreement's scope, or that the waiver's enforcement would work a miscarriage of justice, Davis cannot challenge its length. Davis neither argues nor makes any of these showings. His motion for early termination is therefore denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

_____
Juan R. Sánchez,      C.J.